854 F.2d 1220
 8 UCC Rep.Serv.2d 75
 Cecil H. CRAWFORD, Plaintiff,
Ticketmaster Corporation, an Arizona Corporation, Plaintiff,
Defendant on Counterclaim Appellee,
v.
733 SAN MATEO COMPANY, a New Mexico general partnership, Ken
Gattas, Paul S. Richardson, and E.L. Manzari, Defendants,
Elizabeth Gattas, Defendant, Counterclaimant, Third-party
Plaintiff-Appellant,
Turner Branch, Ross Perkal and Ned Gattas, Third-party Defendants.
 No. 86-1455.
 United States Court of Appeals,
Tenth Circuit.
 Aug. 17, 1988.
 
 Briggs F. Cheney, of Butt, Thornton and Baehr, P.C., Albuquerque, N.M., for Elizabeth Gattas.
 Allan L. Wainwright, of Sutin, Thayer and Browne, P.C., of Albuquerque, N.M., for plaintiffs-appellees.
 Before McKAY, LOGAN and TACHA, Circuit Judges.
 TACHA, Circuit Judge.
 
 
 1
 Elizabeth Gattas appeals from the district court's determination that she is jointly and severally liable on a promissory note that was executed in conjunction with a loan agreement between plaintiff Ticketmaster Corporation and defendant 733 San Mateo Company, a general partnership (733 San Mateo). We must decide whether the district court erred in finding that Ms. Gattas remains liable on a note that was lost and modified after its initial execution. We affirm.[1]
 
 
 2
 On June 9, 1978, 733 San Mateo borrowed money to purchase equipment and software to operate an entertainment computer ticket system. A purported copy of the promissory note that was executed bears Elizabeth Gattas's signature as wife of Kenneth Gattas, who is one of the general partners of 733 San Mateo. Ticketmaster assigned the note to plaintiff Cecil Crawford in early 1981. At about the time the note was assigned to Crawford, the original signatories were asked to re-execute the note because the original could not be found--the record indicates that the original has been destroyed. Ms. Gattas did not sign the re-executed note; instead her husband, Kenneth Gattas, typed her name and wrote her initials on the appropriate signature line. Sometime thereafter 733 San Mateo failed to make the required payments on the note, thereby rendering the makers in default.
 
 
 3
 On May 9, 1981, on behalf of 733 San Mateo, Kenneth Gattas signed an agreement with Crawford that modified the terms of the June 9, 1978 note. Ms. Gattas neither signed nor had knowledge of the May 9, 1981 agreement. After 733 San Mateo defaulted on the note as amended, Crawford and Ticketmaster brought this action to recover the amount due under the June 9, 1978 note as restructured in the May 9, 1981 agreement.
 
 
 4
 The district court found that the makers of the June 9, 1978 note are jointly and severally liable for the unpaid balance on the note. The court determined that Ms. Gattas was liable as an accommodation endorser on the June note and the May agreement. Ms. Gattas appeals claiming that she cannot be liable because appellees have failed to prove the terms of the original note and also because the May 9, 1981 agreement released her from liability.
 
 
 5
 Under New Mexico law,
 
 
 6
 [t]he owner of an instrument which is lost, whether by destruction, theft or otherwise, may maintain an action in his own name and recover from any party liable thereon upon due proof of his ownership, the facts which prevent his production of the instrument and its terms. The court may require security indemnifying the defendant against loss by reason of further claims on the instrument.
 
 
 7
 N.M.Stat.Ann. Sec. 55-3-804. Ms. Gattas does not contend that Crawford failed to demonstrate that he owns the instrument, nor does she claim that he failed to prove the facts that prevent production, rather she argues that plaintiffs failed to prove the terms of the original note. New Mexico courts have not addressed the quantum of proof that one attempting to recover on a lost instrument must provide regarding the terms of that instrument in order to recover. Other courts examining this issue under statutory provisions identical to the New Mexico provision have held that "the evidence must be clear, cogent and convincing." Lutz v. Gatlin, 22 Wash.App. 424, 590 P.2d 359, 361 (1979); Guaranty Bank & Trust Co. v. Dowling, 4 Conn.App. 376, 494 A.2d 1216, 1220 (1985); Castellano v. Bitkower, 216 Neb. 806, 346 N.W.2d 249, 252 (1984). We are persuaded that the New Mexico courts would impose such a standard upon parties, such as the plaintiffs in the present case, who seek to recover on a lost instrument.
 
 
 8
 The evidence submitted in this case was sufficient to allow the trial court to conclude that the plaintiffs had clearly and convincingly proved the terms of the original note. The record contains ample evidence of the terms of that note from which the trial judge could conclude that the copy attached to the complaint was true and accurate. The accountant, Mr. McCarthy, testified that his records contained the same copy of the note and that he had performed accounting services for 733 San Mateo since the beginning of the partnership with an awareness of the obligations in the note. Ms. Gattas's own counsel relies heavily on the terms of the original note as reflected in the copy to make his arguments with respect to the alterations in the May 9, 1981 agreement. Furthermore, payments were made according to the terms of the note for several months after the assignment to Crawford without objection either by the partnership or Crawford. Another signatory of the original, Mr. Manzari, testified that the copy was identical to the promissory note originally signed. In addition, Mr. Perkal, attorney for 733 San Mateo, was sufficiently convinced that the copy of the original note was an accurate copy of the original that he advised his clients to sign the reexecuted note, and they did so through Kenneth Gattas. Finally, during the bench trial in this matter Ms. Gattas's objections did not relate to any alleged differences between the terms of the original and the re-executed note. The only objection raised was based upon a difference in the typing style of the date and a concern about the possibility of the lost instrument appearing. The latter concern could have been addressed by asking the district court for security as authorized by the statute. No such request was made. Gattas does not dispute that she signed the original note. We conclude that the terms of the note were adequately proved under New Mexico law. That Gattas's signature did not appear on the re-executed note is irrelevant because she was bound under the original note.
 
 
 9
 Ms. Gattas next contends that even if she was liable under the original note, the modifications in the terms of the note released her from liability. The May 9, 1981 agreement changed, inter alia, the payment schedule, the due date, and the balloon payment provisions of the note. Ms. Gattas claims that these changes were so material that she should no longer be liable when she was not a party to the May agreement and had no notice of the alterations. However, the salient question in this case is not whether the modifications to the original note were material, but rather whether Ms. Gattas agreed to the changes that were made.
 
 
 10
 Ms. Gattas concedes that she signed the June 9, 1978 note as an accommodation party or surety and is therefore liable as such under N.M.Stat.Ann. Sec. 55-3-415(1). As a general rule, when a subsequent agreement between the parties to a note alters the terms of that note without the consent of the surety, the surety is discharged. First Nat'l Bank in Albuquerque v. Abraham, 97 N.M. 288, 639 P.2d 575, 578 (1982). However, a surety may consent to such alterations in advance by so providing when he or she signs the original note, thereby retaining liability on the original note notwithstanding any changes that fall within the terms of such consent. Dunlap v. Citizens & Southern DeKalb Bank, 134 Ga.App. 893, 216 S.E.2d 651, 653 (1975); Southern California First Nat'l Bank v. Olsen, 41 Cal.App.3d 234, 116 Cal.Rptr. 4, 8 (1974); L. Simpson, Handbook on the Law of Suretyship Sec. 72 at 343 (1950). In this case, Ms. Gattas signed a note that contained the following provision:
 
 
 11
 Except as expressly provided above, the makers, endorsers and guarantors of this Note jointly and severally waive diligence, demand, presentment for payment, protest and notice of non-payment and of protest, notice of default, notice of acceleration, and all other notices or demands of any kind. They jointly and severally consent, without notice to them and without release of their liability, to extensions or accommodations given by the Holder of this Note, to the release, modification or exchange of any security, and to the release, in whole or in part, of any other maker, endorser or guarantor; and they each agree to make payment without the prior resort of the holder to any security or against any other maker, endorser or guarantor.
 
 
 12
 Thus, Ms. Gattas expressly agreed to all extensions or accommodations given by the holder and waived her right to notice regarding such extensions or accommodations. The question for us, then, is whether the May 9, 1981 agreement is an accommodation. If it is, Ms. Gattas remains liable on the original note notwithstanding the May 1981 agreement. If it is not, then the general rule would operate to discharge her liability on the June 9, 1978 note.
 
 
 13
 We hold that the May 9, 1981 agreement was an accommodation. Under the original note Crawford had the right to declare the entire balance of principal and interest due after default and written notice. Instead of exercising this right, Crawford entered into the May 9, 1981 agreement which provided for smaller monthly payments and allowed 733 San Mateo to continue to make payments on the note. Ms. Gattas's consent is therefore effective to bind her to the changes in the May 9, 1981 agreement.
 
 
 14
 Similarly the agreement extends consent for multiple extensions of the note thereby expressly removing this note from the operation of N.M.Stat.Ann. Sec. 55-3-118(f) which would have limited the parties to a single extension.
 
 
 15
 We hold that the district court was correct in holding that appellant Elizabeth Gattas is jointly and severally liable on the note.
 
 
 16
 AFFIRMED.
 
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.8. The cause is therefore ordered submitted without oral argument